## HAGAN v. TUCKER.

(Circuit Court of Appeals, Third Circuit. November 14, 1902.)

1. SHIPPING—RIGHT TO DEMURRAGE—EVIDENCE CONSIDERED.

Libelant furnished a number of barges for use as lighters by respondent's testator in his coal business in New York City and harbor. Such use necessarily involved more or less delay of the barges while waiting for the sale or the transfer of their cargoes to steamships, which was a part of defendant's business. A suggestion by libelant that he should expect demurrage for such delays was met by a prompt denial of liability, and notice by decedent that he would not keep the vessels on such terms. Thereafter the business continued as before, monthly bills being presented and paid for the hire of the barges, which contained no charges for demurrage, nor were any such charges made on libelant's books until after decedent's death, when a large sum was charged against him on that account. *Held*, that on such evidence, and in the absence of clear evidence to the contrary, libelant must be presumed to have accepted the risk of such delays as an incident of the business, and that he was not entitled to recover demurrage therefor.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 112 Fed. 546.

¶ 1. Demurrage, see notes to Randall v. Sprague, 21 C. C. A. 337; Hagerman v. Norton, 46 C. C. A. 4.

Henry R. Edmunds, for appellant.
M. Hampton Todd, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge.   Upon an attentive examination of the proofs we discover no good ground for rejecting or modifying the findings of the district judge.   We think that he rightly apprehended and has correctly stated the nature and terms of the business arrangement which was entered into between the libelant and the respondent's testator, under which the libelant furnished his barges. We agree with the conclusion that the libelant's claim for demurrage or damages for the detention of his barges is not satisfactorily established.   The clear weight of evidence, we think, is with the respondent.

The intimation contained in the libelant's letter of February 16, 1898, written soon after the beginning of the enterprise, that he (Hagan) would expect to be paid for time "they [the barges] lay with coal" was met with a prompt denial of his right to any such compensation, and a notification that, "if he was not satisfied, he could take his boats away."   The libelant acquiesced.   He made no further claim for demurrage or damages for detention of his barges during the currency of the business.   The libelant's letters of July 12, 1898, December 3, 1898, January 13, 1899, and January 23, 1899, plainly indicate that he well understood he was not to be paid for lost time.   The present claim was set up after Mr. Tucker had died. The libelant's books contain no charges for demurrage or damages for detention entered in Mr. Tucker's lifetime.   The entire items of the claim were entered on the libelant's books after Mr. Tucker's death, and all of them at one time.   Moreover, the libelant rendered to Mr. Tucker monthly accounts for the use of the barges, which were regularly paid.   No claim for demurrage or detention was made in any of those accounts.   Those monthly statements and settlements may not absolutely conclude the libelant, but they are strong evidence against this belated claim.   We do not find in this record evidence to counteract the probative force of the monthly settlements.

Upon the whole case we are entirely satisfied that the court rightly dismissed the libel, and, accordingly, the decree of the district court is affirmed.